**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00191-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROGER DEATHERAGE,

      Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE NINETY DAYS FROM THE SPEEDY TRIAL ACT**

**Blackburn, J**

      This matter is before me on the **Defendant's Unopposed Motion to Exclude Ninety Days from the Speedy Trial Act** [#26], filed April 12, 2006.  The government does not object. I grant the motion.

      Defendant seeks judicial approbation to exclude ninety days from the speedy trial calculus and to extend the deadline for filing pretrial motions by ninety days. *See* Motion at 1.

      The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides in relevant part:

> The following periods of delay shall be excluded ... in computing the time
> within which the trial of any such offense must commence:
> (8)(A) Any period of delay resulting from a continuance granted by any

> judge ... at the request of the attorney..., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h) and (h)(8)(A).

The Speedy Trial Act is "[d]esigned to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." **United States v. Saltzman,** 984 F.2d 1087, 1091 (10th Cir. 1993). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See 18 U.S.C. § 3161(C)(1); **United States v. Lugo,** 170 F.3d 996, 1000-01 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge ... on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **United States v. Hill,** 197 F.3d 436, 440 -441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under § 3161(h)(8)(A), certain prerequisites must be satisfied. **Id.** First, I must consider the following factors listed in § 3161(h)(8)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time

        limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill,* 197 F.3d at 441 (*quoting **United States v. Doran***, 882 F.2d 1511, 1516 (10th Cir.1989). Instead, "'[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive....'" *Id.*

    I approve, adopt, and incorporate the facts averred by defendant in his motion, which facts are unopposed. These facts *per se* establish the *sine qua non* for a continuance as requested by defendant. Discovery is voluminous and involves, *inter alia*, forensic review of computerized information. The anticipated pretrial motions are likely to raise novel issues of law. Therefore, I find that this complex case can not be

ready for trial and that it is unreasonable to expect adequate preparation by the defendant for trial proceedings within the time provided under my extant Trial Preparation Conference Order, *see* [#25] or 18 U.S.C. § 3161(c).

I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

2) That the case is so complex due to the nature of the prosecution and the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii);

3) That even considering due diligence, failure to grant the motion would deny counsel for the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A); and

5) That, therefore, the defendant's unopposed motion to continue should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion to Exclude Ninety Days from the Speedy Trial Act** [#26], filed April 12, 2006, **IS GRANTED**;

2. That the Trial Preparation Conference set for May 24, 2006, at 1:15 p.m., is **VACATED**;

3. That trial by jury set to commence May 30, 2006, is **VACATED**; and

4. That the motions' filing deadline of April 12, 2006, is **VACATED**;

5. That all pretrial motions shall be filed by no later than close of business July 11, 2006;

6. That a response to a timely filed pretrial motion shall be filed within eleven (11) days of the filing of the pretrial motion;

7. That all timely filed pretrial motions shall be set for hearing at a motions' hearing setting conference on July 24, 2006, at 10:00 a.m., at which time the defendant need not be present; provided, furthermore, counsel may appear in person in chambers or by telephone; and

8. That ninety (90) days is excluded from the computation of speedy trial under the Speedy Trial Act of 1974.

Dated May 1, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge